NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3063
_____

BRUCE ANDERSEN,
Appellant

v.

MACK TRUCKS INC;
VOLVO GROUP NORTH AMERICA,
f/k/a Volvo Truck North America, Inc.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 5-11-cv-02239
District Judge: The Honorable R. Barclay Surrick

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 13, 2016

Before: AMBRO, SMITH, and KRAUSE, *Circuit Judges*

(Filed: April 20, 2016)
_____

OPINION*
_____

SMITH, *Circuit Judge.*

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

This case comes to us on appeal from the District Court's grant of summary judgment against Bruce Andersen, who claims that his former employer, Mack Trucks Inc.,[1] violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), when it terminated his employment.[2] Andersen argues that gender bias was the dispositive factor in his termination, or, in the alternative, that it was a motivating factor. The District Court held that while Andersen adduced enough evidence to establish a *prima facie* case of gender discrimination under *Iadimarco v. Runyon*, 190 F.3d 151 (3d Cir. 1999), he failed to demonstrate that his employer's proffered reason for terminating him was a pretext for gender discrimination. Further, the District Court concluded that Andersen also failed to show that gender discrimination was a motivating factor in his employer's decision. For the reasons stated below, we will affirm.

## I.

Andersen, a long-time employee of Mack Trucks, lost his job as part of a reduction in force in 2009. Andersen was hired by Mack Trucks on May 3, 1971, as a junior tax accountant. He worked his way up the corporate ladder until he was promoted to Human Resources Business Partner ("HRBP") in 2003. He held that position until he was terminated.

---

[1] Mack Trucks is a subsidiary of co-defendant Volvo Group North America.

During the relevant time period, Andersen reported to Lesley Billow, Senior Vice President of Human Resources for Mack Trucks and Volvo Trucks in North America. Three other female HRBPs reported to Billow. All HRBPs performed similar functions and only differed based upon the group of employees they served and where they were located. Andersen and one other HRBP, Bonnie Miller, were located in Allentown, Pennsylvania, while two others were located in Greensboro, North Carolina. Also located in Allentown was Sheri Palopoli, a female Labor Relations Supervisor.

On April 29, 2009, Billow notified Andersen that he was going to be laid off in a reduction in force caused by adverse economic conditions. Billow stated that she chose someone at the Allentown location for termination because the employee-to-HRBP ratio was lower than in Greensboro, which meant that it would be better for business to terminate someone in Allentown. Her stated reason for terminating Andersen over Palopoli was that there were more bargaining unit employees than non-bargaining unit employees in Allentown. Billow explained that she selected Andersen over Miller because Miller was actively working on a plan to transition employees from Allentown to Greensboro.[3] After Andersen's termination all four full-time employees in Billow's group were female.

---

[2] Andersen also made an age discrimination claim, but does not appeal the District Court's grant of summary judgment on that claim.
[3] Miller was also terminated at the conclusion of the transition plan.

Andersen filed suit claiming that his selection for termination was discriminatory under Title VII. After discovery, the District Court granted Defendants' motion for summary judgment on all claims. Andersen's timely appeal followed.[4]

## II.

Andersen claims two errors: (1) the District Court erred in concluding that he failed to prove that the employer's proffered reason was pretext, and (2) the District Court applied the wrong legal standard when it rejected his mixed-motives claim. We "exercise plenary review over the District Court's grant of summary judgment" and "apply the same standard that the District Court should have applied." *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001). A district court may grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.

*A. Pretext*

The District Court concluded in a well-reasoned opinion that Andersen established a *prima facie* case of gender discrimination under *Iadimarco* but failed

---

[4] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331 and 28

to demonstrate that the employer's proffered reason for terminating him instead of Palopoli or Miller was a pretext for gender discrimination. We look to the record to determine if there are sufficient facts to show not only that the employer's reason was wrong, but that "it was so plainly wrong that it cannot have been the employer's real reason." *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1109 (3d Cir. 1997). That can be shown by pointing out "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons" that no jury could find them credible. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

Andersen fails to make that showing. He cites many facts, but all of those facts are either irrelevant or attack the business judgment of his former employer. Unwise does not mean discriminatory. *See id.* at 765 ("[T]he factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent."). Our review of the record fails to reveal evidence that discriminatory animus was the motivating factor behind the decision. We agree with the District Court's reasoning and come to the same conclusion that Andersen has failed to meet his burden of showing pretext.

---

U.S.C. § 1343. We have appellate jurisdiction under 28 U.S.C. § 1291.

*B. Mixed Motive*

Andersen's second claim, that gender was a motivating factor in his termination, also fails. Under a mixed motives theory, a plaintiff must present "sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that . . . sex . . . was a motivating factor" in the adverse employment action. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003).

Anderson argues that the District Court erred by disposing of his mixed motive claim because he lacked direct evidence. He is correct that direct evidence of discrimination is not necessary in a mixed motives case. *Id.* Instead, a plaintiff must only produce "sufficient evidence for a reasonable jury to conclude" that gender "was a motivating factor." *Id.* While the District Court faulted Andersen for not having "direct evidence showing conduct or statements reflecting discriminatory attitude toward his gender," he is incorrect in alleging that the District Court improperly required direct evidence *of discrimination*. Instead, evidence of a discriminatory attitude is inherently circumstantial evidence of discrimination. Thus, the District Court determined that no evidence, direct or circumstantial, supported the mixed motive claim.

We agree that "the record is devoid of evidence that could reasonably be construed to support the plaintiff's claim." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 400 (6th Cir. 2008). At best, Andersen's evidence could demonstrate

6

that Billow liked one of the other HRBPs more than Andersen. That is not enough. If Andersen had shown that Billow liked *all* of the female HRBPs more than him, that might be enough to give us pause, but it is hardly unlawful for a supervisor to prefer one employee over another. *See Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 642 (3d Cir. 1998) (explaining that, while "evidence of the more favorable treatment of a single member of a non-protected group" may be relevant, that "evidence can not be viewed in a vacuum," and "[t]he ultimate inquiry is whether the decision was motivated by the affected employee's [sex]."). If that was enough to show discrimination, then virtually all employer actions could lead to discrimination liability.

## IV.

Based upon the record before us we hold that no reasonable finder of fact could conclude that Andersen suffered from gender discrimination or that his termination was anything other than the result of an unfortunately all-too-frequent corporate layoff during a recession. We will affirm the judgment of the District Court.